Frank COMPOE, Petitioner–Appellant,

v.

Bruce CURTIS, Warden, Respondent–Appellee.

No. 00–1907.

United States Court of Appeals, Sixth Circuit.

May 11, 2001.

Before JONES and DAUGHTREY, Circuit Judges; ECONOMUS, District Judge.*

### ORDER

Frank Compoe, a Michigan prisoner proceeding pro se, moves for counsel on appeal from a district court judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On December 14, 1995, Compoe was convicted of criminal sexual conduct in the first degree following a jury trial in Kent County Circuit Court in Grand Rapids, Michigan. On January 9, 1996, based upon his status as an habitual offender and a second sexual offender, Compoe was sentenced to life imprisonment. Compoe's conviction was affirmed on direct appeal. The Michigan Supreme Court denied Compoe's application for leave to appeal.

Thereafter, on May 3, 1999, Compoe filed the instant petition for a writ of habeas corpus raising the following issue:

1. THE MICHIGAN COURT OF APPEALS DECISION THAT MR. COMPOE WAS NOT DENIED HIS RIGHT TO A FAIR TRIAL BY THE ADMISSIBILITY OF SIMILAR ACTS EVIDENCE WAS BASED UPON AN UNREASONABLE DETERMINATION OF FACTS IN LIGHT OF THE EVIDENCE PRESENTED IN THE STATE COURT PROCEEDING.

The matter was referred to a magistrate judge who issued a report recommending that the petition be denied on the merits. The district court adopted the magistrate judge's report and recommendation over Compoe's objections. The district court granted Compoe a certificate of appealability on the issue raised in the petition.

Upon review, we conclude that the district court properly denied this petition for habeas corpus relief, as the Michigan Court of Appeals has addressed the issue raised on the merits, and its decision was not an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 405–06, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). The admission of the 404(b) testimony did not render Compoe's trial fundamentally unfair. *See Dowling v. United States*, 493 U.S. 342, 352–54, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990).

Accordingly, the motion for counsel is denied, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.